**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carlos Enrique LEHDER-RIVAS, a/k/a**
**Joe Lehder, Defendant-Appellant.**

**No. 87–3418**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1987.

Edward R. Shohat, Bierman, Sonnett, Shohat & Sale, Maimi, Fla., for defendant-appellant.

Ernst D. Mueller, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and FAY, Circuit Judges.

PER CURIAM:

Appellant, Carlos Lehder-Rivas (Lehder), is charged with having committed or conspired to commit various crimes relating to the importation and distribution of cocaine and with having engaged in a continuing criminal enterprise. On April 7, 1987, the Government filed a motion requesting that the court compel Lehder to sign a waiver, authorizing the Bahamas Office of the Bank of Nova Scotia to produce to the district court all documents described in an accompanying subpoena along with any relevant information. The proposed waiver included a statement that it had been executed pursuant to a court order.

Lehder objected to the waiver, claiming that his execution of it would violate his fifth amendment right against self-incrimination, and that the Government had shown no need for the waiver. The magistrate, although sympathetic to Lehder's arguments, granted the Government's request under the authority of *United States v. Ghidoni*, 732 F.2d 814 (11th Cir.), *cert. denied*, 469 U.S. 932, 105 S.Ct. 328, 83 L.Ed.2d 264 (1984). The magistrate modified the waiver by adding a statement that it was being signed over Lehder's objections and ordered him to sign it by May 5, 1987. Lehder refused, and has continued to refuse, to sign the waiver.

On May 27, 1987, the district court affirmed the magistrate's order. In a separate order issued on the same day, the court found Lehder in contempt of court for failing to execute the waiver. The court imposed a fine of five hundred dollars for each day that Lehder failed to comply with the order, beginning on May 28, 1987, the day after entry of the district court's order.

Lehder now appeals the order of contempt, making the same arguments as he raised below. Because he appeals a final order of the district court, we have jurisdiction. *See* 28 U.S.C. § 1291 (1982). We affirm.

Lehder's primary argument is that this court erred in *Ghidoni* when it upheld a waiver order substantially the same as that at issue here. Lehder, however, has pointed to no case from the Supreme Court or this circuit that calls into doubt the continuing validity of *Ghidoni*. Thus, even if we were to disagree with *Ghidoni*, we would be bound by its holding. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). Nor are we swayed by any of the decisions of other circuits that Lehder cites. First, we adhere to our conclusion in *Ghidoni* that the waiver would not admit the existence of the described accounts or transactions, or Lehder's control over them, but merely would authorize the bank to release such information if it believes (wrongly, in Lehder's view) that Lehder's permission is necessary. Thus, we are unconvinced by the contrary conclusion reached by the First Circuit in *In re Grand Jury Proceedings (Ranauro)*, 814 F.2d 791, 795–96 (1st Cir.1987) (per curiam). As to Lehder's request that we reevaluate *Ghidoni* in light of *In re N.D.N.Y. Grand Jury Subpoena # 86-0351-S*, 811 F.2d 114 (2d Cir.1987), we must admit that we are mystified. In that case, the Second Circuit cited *Ghidoni* favorably, and decided against the defendant on his fifth amendment claim.

Lehder's remaining arguments in opposition to the order of contempt also lack substance. First, the mere fact that the subpoena accompanying the waiver men-

tions specific items does not distinguish this case from *Ghidoni*. Regardless whether the waiver and subpoena specify which records the bank must produce, Lehder would not be admitting that such records exist, but would rather be consenting to their production *if* they exist. Thus, Lehder's act would not be testimonial. Second, Lehder contends that the Government has failed to show that it needs the waiver. We find no support for Lehder's contention that a showing of sufficient need is required.

AFFIRMED.